# BOOTH *v.* HANAN.

---

PATENTS; INTERFERENCE; DISCLOSURE.

Where in an interference case involving the invention of an improvement
in cutting and folding machines, the question was whether an earlier
application of the senior parties contained a disclosure of the in-
vention of the issue so as to entitle them to its filing date as the
date of their conception and constructive reduction to practice, and
it appeared that the drawings filed with the earlier application con-
tained sufficient information to enable one skilled in the art to prac-
tise the invention, it was *held* that such application contained a suf-
ficient disclosure.   (Following *Hopkins* v. *Newman*, 30 App. D. C.
402.)

No. 650.   Patent Appeals.   Submitted November 8, 1910.   Decided De-
cember 5, 1910.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference case.                     *Affirmed.*

The facts are stated in the opinion.

*Mr. Nathan Heard* and *Mr. George K. Woodworth* for ap-
pellants.

*Mr. A. D. Salinger* for appellees.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal involving three concurrent decisions of
the Patent Office tribunals in an interference proceeding award-
ing priority of invention to Herbert W. Hanan and Joseph H.
Gates, the senior parties, appellees here.

The invention is sufficiently disclosed in the following counts,

which the Patent Office has selected as representative of the eighteen counts involved:

"1. In a cutting and folding machine, a folder and a cutter, in combination with means for moving the cutter toward the folder to cut the work, and then reversely away from the folder, and means for moving the folder across the path of the cutter for folding the work."

"5. A slitting and folding machine having, in combination, a work-supporting table, a clamp arranged to clamp the work on the table, a slitting device arranged for making a slit in the edge of the work, a folding device arranged for movement to lift the slitted edge on both sides of the slit concurrently, and for further movement to fold the slitted edge over on the body of the work, provision for unclamping the work, and actuating mechanism for said parts."

"9. A slitting and folding machine having, in combination, a work-supporting table having an upper face to support the body of the work, means for slitting an extended portion of the edge of the work, a folder arranged to fold said slitted edge over on the work supported on said upper face of the table, and actuating mechanisms for said parts."

"14. In a cutting and folding machine, a cutter and a combined folder and cutting bed having provision for permitting the cutters to pass below its work-supporting surface after cutting the work, in combination with means for actuating the cutters to cut the work, and means for moving the folder first perpendicularly to the work and then parallel therewith for folding the work."

"20. In a folding machine, a table, a removable folder cooperating therewith to make a fold, a slitter mounted on the folder and removable therewith, and means to actuate the slitter independently of the folder."

Each of the tribunals of the Patent Office has found that Hanan and Gates are entitled to the filing date of their earlier application of March 5th, 1902, as the date of their conception and reduction to practice. The case here turns upon the correctness of that ruling, since, if it is sustained, Hanan and

Gates are clearly entitled to the award of priority of invention.

. In considering this question, the First Assistant Commissioner, from whose judgment this appeal was taken, said:

. "The date of invention which might be awarded to Booth, Booth, and Flynt is not sufficiently early to avail them in this proceeding, if the application of Hanan and Gates, serial No. 96,732, filed March 5, 1902, is effective for a conception and constructive reduction to practice of the invention by them. I agree with both the tribunals below that this early application of Hanan and Gates does disclose the invention in issue, and quote with approval the following extract from the decision of the Examiners-in Chief:

" 'We have carefully considered this application, No. 96,733, and find, as did the examiner of interferences, that the invention in controversy is clearly revealed therein. This fact will be made obvious to anyone who may read the specification or carefully examine the drawing of the application. The fact of the disclosure is so plain that we do not consider it necessary to explain in detail the reasons for our conclusion, and brevity in this connection is especially desirable, since counsel for Booth, Booth, and Flynt have not endeavored to do more than generally deny the applicability of the issue to the construction of the application.'

"It is therefore held that Hanan and Gates are at least entitled to March 5, 1902, for their date of conception and constructive reduction to practice of the invention in issue, and as this date is a month earlier than any date of conception of the invention which can be awarded to Booth, Booth, and Flynt, it follows that Hanan and Gates are entitled to judgment of priority of invention."

We agree with the Patent Office that the earlier application of Hanan and Gates contains a disclosure of the invention in issue. It is not disputed by appellants that this earlier application contained a full disclosure of everything new in this device, their contention being that the application failed to point out the particular kind of folding machine to which the

snipping device was to be attached in the combination. It appears that folding machines were well known in the art, and an examination of the drawings filed with said earlier application shows that it contains sufficient information to enable one skilled in the art to practise the invention, that is to say, to bring into co-operation the snipping device clearly disclosed, and the folding machine of the prior art. This, as the Patent Office tribunals have held, was sufficient. *Hopkins* v. *Newman,* 30 App. D. C. 402.

We deem it unnecessary to discuss the question further, and therefore affirm the decision. The clerk will certify this opinion as by law required.                                  *Affirmed.*